## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUJARAT STATE PETROLEUM CORPORATION LTD., <br> GSPC Bhavan <br> Behind Udhyog Bhavan <br> Sector 11 <br> Gandhinagar – 382 010 <br> Gujarat, India <br><br> ALKOR PETROO LTD., <br> M-22/3RT, Vijaynagar Colony <br> Hyderabad – 500 057 <br> Andhra Pradesh, India <br><br> WESTERN DRILLING CONTRACTORS PRIVATE LTD. <br> Plot No. 1A <br> Sector 16A <br> Institutional Area <br> Noida – 201 301 <br> Uttar Pradesh, India <br><br> *Petitioners*, <br><br> v. <br><br> REPUBLIC OF YEMEN, <br> Prime Minister of the Republique of Yemen <br> P.O. Box 1994 <br> Sana'a, Republic of Yemen <br><br> YEMENI MINISTRY OF OIL AND MINERALS <br> Zubairi Street 1 P.O. Box 81 <br> Sana'a, Republic of Yemen <br><br> *Respondents*. | Civil Action No. |

## PETITION TO CONFIRM ARBITRAL AWARD

Petitioners Gujarat State Petroleum Corporation Limited, Alkor Petroo Limited, and Western Drilling Contractors Private Limited (collectively, "Petitioners"), by and through their attorneys White & Case LLP, allege as follows:

## NATURE OF THE PROCEEDING AND RELIEF SOUGHT

1.      Petitioners are commencing this proceeding to confirm an international arbitration award (the "Final Award") and to have judgment entered thereon, pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207.  The Final Award, dated July 10, 2015, is attached as **Exhibit 1** to the Declaration of Dr. Markus Burianski ("Burianski Declaration"), attached hereto as **Exhibit A.**

## PARTIES, JURISDICTION, AND VENUE

2.      Petitioner Gujarat State Petroleum Corporation Limited ("GSPC") is a company duly organized and incorporated under the laws of India and owned 96% by the Government of Gujarat, India.

3.      Petitioner Alkor Petroo Limited ("Alkor") is a company duly organized and incorporated under the laws of India.

4.      Petitioner Western Drilling Contractors Private Limited ("Western Drilling") is a company duly organized and incorporated under the laws of India.

5.      The Republic of Yemen ("Yemen" or "the Republic") is a "foreign state" for purposes of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603.

6.      The Yemeni Ministry of Oil and Minerals ("the Ministry") is a "political subdivision" of the Republic of Yemen for purposes of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603.

Americas 91204124

7.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1330, which provides for jurisdiction over foreign states as defined in 28 U.S.C. § 1603.

8.      This Court also has subject-matter jurisdiction pursuant to Chapter 2 of the Federal Arbitration Act ("FAA") because the Final Award is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention").

9.      Specifically, 9 U.S.C. § 207 allows a party to confirm "an arbitral award falling under the [New York] Convention . . . as against any other party to the arbitration."  This is an action to enforce an arbitral award rendered in France, a signatory to the New York Convention, in the United States.  Jurisdiction is therefore appropriate.  See 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States.  The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of amount in controversy.").

10.     This Court has personal jurisdiction over both Yemen and the Ministry (collectively, "the Respondents") pursuant to 28 U.S.C. § 1330(b), which provides that this Court can exercise personal jurisdiction over a foreign state in an action with respect to which the foreign state is not entitled to sovereign immunity under 28 U.S.C. §§ 1605-1607.

11.     Respondents are not entitled to sovereign immunity under 28 U.S.C. § 1605 because this case falls under the arbitration exception to the Foreign Sovereign Immunities Act ("FSIA").  In particular, 28 U.S.C. § 1605(a)(6) provides that a foreign state is not immune under the FSIA where "the action is brought . . . to confirm an award made pursuant to [an] agreement to arbitrate, if . . . the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards."

3

12.    The Final Award is governed by the New York Convention, which is implemented at 9 U.S.C. § 201 *et. seq.*  Thus, 28 U.S.C. § 1605(a)(6) is applicable.

13.    Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(f)(4).

## FACTS

### The Parties' Agreement

14.    Petitioners are Indian companies engaged in petroleum exploration and production.  In 2006, Petitioners submitted bids to engage in hydrocarbon exploration and production activities in Yemen.  Those bids were ultimately accepted and awarded to Petitioners on December 9, 2006.

15.    Sixteen months later, on April 13, 2008, the Ministry entered into three nearly identical Production Sharing Agreements ("PSAs") with the Petitioners.[1]  The PSAs outlined the terms of Petitioners' work regarding certain exploration and production activities.  Specifically, the PSAs provided that Petitioners were to carry out reprocessing and interpreting of existing seismic data; acquiring, processing, and interpreting new 2D and 3D seismic data; and drilling work in Yemen.

16.    The PSAs were ratified by the President of Yemen on March 17, 2009.   The PSAs are governed by Yemeni law and are not only contracts but also themselves laws of Yemen.

17.    The PSAs each contain an identical dispute resolution clause providing for arbitration under the rules of the International Chamber of Commerce (Paris) ("ICC").  Specifically, Article 23 of the PSAs states, in relevant part:

---

[1] The PSAs differ only in their commercial terms and their respective Work Program and Budget; all three PSAs contain identical arbitration provisions.

4

"[I]n case a dispute arises under this Agreement between the MINISTRY and the [Petitioners] with respect to interpretation, application or its validity, the Parties to the dispute . . . shall submit their dispute to arbitration as provided in this Article (23). . . . [T]he arbitration shall be held in Paris, France, and conducted in the English language in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce. . . . Judgment [on] the award may be entered by any court having jurisdiction or application may be made to such court for a judicial acceptance of the award and an order of enforcement, as the case may be."

A copy of Article 23 from each of the PSAs is attached hereto as **Exhibit 2A, Exhibit 2B, and Exhibit 2C** to the Burianski Declaration.

18.     In 2013, due to mounting security concerns in Yemen, the application of a "Force Majeure" provision of the PSAs became the subject of arbitration between the parties.

### Arbitration before the ICC

19.     On February 25, 2013, Petitioners filed a Request for Arbitration before the International Court of Arbitration of the ICC.  Respondents filed an Answer to the Request for Arbitration on May 9, 2013.

20.     The arbitration (the "Arbitration") commenced in 2013 under the caption Gujarat State Petroleum Corporation Limited, Alkor Petroo Limited and Western Drilling Contractors Private Limited v. Republic of Yemen and The Yemeni Ministry of Oil and Minerals, Case No. 19299/MCP.  The arbitrators were selected in accordance with Article 23 of the PSAs.  See Burianski Decl., Ex. 1 at 13; Burianski Decl., Exs. 2A-2C.

21.     The parties asserted numerous claims, counterclaims and defenses in the Arbitration.  As relevant here, Petitioners alleged that the PSAs were terminated by application of a Force Majeure provision in the agreements and that, as a result, Respondents were not entitled to draw upon letters of credit issued to ensure that Petitioners satisfied their obligations under the PSAs.

5

22.     In the Arbitration, Yemen challenged the jurisdiction of the arbitral tribunal. However, in its Final Award, the tribunal rejected Yemen's challenge and determined that jurisdiction existed under the PSAs.  See Burianski Decl., Ex. 1 at 125.  At no point did the Ministry challenge the tribunal's jurisdiction.

**The Final Arbitral Award**

23.     On July 10, 2015, the ICC tribunal issued its Final Award, ruling in favor of Petitioners and against Respondents.

24.     The tribunal first "declare[d] that it ha[d] jurisdiction over Respondent 1 i.e. the Republic of Yemen."  Burianski Decl., Ex. 1 at 123.

25.     The tribunal then found that an event of Force Majeure existed and that the Petitioners had validly terminated the PSAs.  See id.

26.     As a result, the tribunal ordered Respondents to pay Petitioners the following:

- US$ 3,012,059.09 for costs and expenses incurred by Petitioners in connection with the preparation for and conduct of the arbitration, including ICC administrative expenses and arbitrator's fees and expenses;

- US$ 776,412.25 for costs incurred by Petitioners in extending the letters of credit.

See id.

27.     The tribunal also "dismisse[d] the Respondents' counterclaims in their entirety." Id. at 124.

28.     As of the present date, Respondents have failed to pay the amounts owed to Petitioners pursuant to the Final Award.

29.     Respondents have brought an action before the Cour d'Appel de Paris, a French appellate court, seeking to challenge the Final Award and that action remains pending.

6

Petitioners believe that the action is without merit and, in any event, it is not relevant to this Court's confirmation of the Final Award.  See 9 U.S.C. § 207.

## CLAIM FOR RELIEF

### (9 U.S.C. § 207)

30.    The New York Convention, as implemented by the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq*., governs the Final Award because the Final Award arises from a commercial relationship between Petitioners, Yemen, and the Ministry.  9 U.S.C. § 202.  Both the United States and France, where the Arbitration took place, are contracting states to the New York Convention.

31.    This Petition is timely pursuant to 9 U.S.C. § 207 because it is filed within three years from the issuance of the Final Award.

32.    This Court has jurisdiction to confirm the Final Award against the Respondents.

33.    No grounds exist for this Court to refuse confirmation and recognition of the Final Award.

## Count One

### (Confirmation of the Final Award)

34.    Petitioners incorporate the above paragraphs as stated herein.

35.    The Federal Arbitration Act provides that the "court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added).

36.    None of the grounds available for refusal or deferral of recognition or enforcement of an award specified in the New York Convention are applicable to the Final Award.

7

37.     Therefore, pursuant to 9 U.S.C. § 207, Petitioners request that this Court confirm and recognize the Final Award and enter judgment in favor of Petitioners and against Respondents in the amount of the Final Award.

38.     Under the terms of the Final Award, Petitioners are entitled to US$ 3,012,059.09 for costs and expenses incurred by Petitioners in connection with the preparation for and conduct of the arbitration, including ICC administrative expenses and arbitrator's fees and expenses.

39.     Under the terms of the Final Award, Petitioners are also entitled to US$ 776,412.25 for costs relating to the extension of the above-mentioned letters of credit for the duration of the ICC arbitration proceedings.

40.     Petitioners also seek prejudgment interest on the amount of the Final Award.

### PRAYER FOR RELIEF

WHEREFORE, Petitioners respectfully request an order:

A.     Confirming the Final Award pursuant to 9 U.S.C. § 207 and entering a judgment in favor of Petitioners and against Respondents in accordance with the Final Award;

B.     Awarding interest (including prejudgment interest), legal expenses, and costs; and

C.     Granting such other and further relief as the Court deems just and proper.

Dated: June 29, 2016                                    Respectfully submitted,

**WHITE & CASE**LLP

/s/  Francis A. Vasquez_____

Francis A. Vasquez (D.C. Bar No. 442161)
Nicolle E. Kownacki (D.C. Bar No. 1005627)
White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600

Americas 91204124

Fax:  (202) 639-9355
fvasquez@whitecase.com
nkownacki@whitecase.com

Gregory M. Starner
Christopher D. Volpe
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Fax:  (212) 354-8113
gstarner@whitecase.com
christopher.volpe@whitecase.com
*Counsel for Petitioners*
*Gujarat State Petroleum Corporation Ltd.,*
*Alkor Petroo Ltd., and*
*Western Drilling Contractors Private Ltd.*